(No. 4321-)

Anna Pillar, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 8, 1951.*

Roy A. Ptacin, Attorney for Claimant.

Ivan A. Elliott, Attorney General; William H. Sumpter, Assistant Attorney General, for Respondent.

Lansden, J.

Claimant, Anna Pillar, seeks to recover from respondent under the Workmen's Compensation Act for injuries to her ankle as a result of an accident that arose out of and in the course of her employment as an attendant at the Chicago State Hospital, operated by the Department of Public Welfare.

On April 29, 1950, claimant, who was night attendant in one of the wards of such institution, was taking a patient back to bed when she slipped on the floor, sustaining a chip fracture of the left lateral malleolus.

Claimant was totally and temporarily disabled from that date until June 12, 1950, a period of 43 days. She returned to work on June 13, 1950, and during such period of temporary disability she was paid the sum of $231.40 as compensation.

Since claimant's earnings in the year prior to her accident amounted to $2,260.00, and she was 54 years of age, married, but with no children under 18 years of age dependent upon her for support, her rate of compensation should have been $22.50 per week. She should have been paid temporary disability compensation amounting to $138.21, but was paid $231.40, or an overpayment of $93.19.

X-Rays, taken on the date of her accident, disclosed the fracture, and also the presence of osteo-arthritis.

Claimant's doctor examined her on July 8, 1950, and again at the hearing held on December 22, 1950. Between such dates there had been some improvement in the residual disability in her left foot, and claimant herself testified to such improvement.

From the evidence, however, it is apparent that by December 22, 1950 claimant had achieved maximum recovery from her accident, and that the remaining disability in her left foot was permanent. It is also apparent that whatever aggravation there had been to the pre-existing osteo-arthritis by reason of the accident had been completely cured and relieved.

On the date of the hearing, plantar and dorsal flexion of the left foot had been reduced one-third. On pronation and supination, a limitation of one-fourth was disclosed. Some crepitus was present, but the fracture was well healed and well aligned.

To evaluate claimant's permanent disability or partial loss of use of her foot, we must keep in mind that her left ankle joint still functions, and that she has performed her duties regularly since June 13, 1950.

From the foregoing, we conclude that claimant has sustained a 20 per cent loss of use of her left foot.

William J. Cleary and Co., Court Reporters, Chi-

cago, Illinois, was employed to take and transcribe the testimony at the hearing before Commissioner Tearney. Charges in the amount of $46.95 were incurred, the same being reasonable and customary. An award is entered in favor of William J. Cleary & Co. for $46.95.

An award is, therefore, entered in favor of claimant, Anna Pillar, under Section 8 (e) (14) of the Workmen's Compensation Act for a 20 per cent loss of use of her left foot, being 27 weeks at $22.50 per week, or the sum of $607.50, less overpayment of $93.19 previously referred to, leaving a net award of $514.31, all of which has accrued and is payable forthwith.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chapter 127, Section 180.